**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALPHA LAND COMPANY,**<br>**ALLEN CASSELMAN, TRUSTEE,**<br><br>              **Plaintiff,**<br><br>       v.<br><br>**JAMES LITTLE, LORNA LITTLE,**<br>**SHAWN RAE ENTERPRISES, NANCY**<br>**CASSELMAN, Trustee, MOUNT CARMEL**<br>**TRUST, ROBERT HOGUE, Trustee,**<br>**NICHOLAS HOFFMAN, R. NELSON**<br>**CAIRNS, FRANCHISE TAX BOARD,**<br>**INTERNAL REVENUE SERVICE, and**<br>**DOES 1 THROUGH 50, inclusive,**<br><br>              **Defendants.** | 1:06-CV-00830 OWW DLB<br><br>ORDER DENYING PLAINTIFF AND LITTLE DEFENDANTS' MOTIONS TO "TRANSFER TO STATE COURT" (DOCS. 4, 6 & 8) AND GRANTING THE UNITED STATES' MOTION TO DISMISS (DOC. 12) |

## I.  INTRODUCTION

This is the second of two cases involving the tax liabilities of and tax liens against real property of James and Lorna Little.  The Littles placed their 33-acre olive and orange farm, which is also their residence, in the name of a trust, Alpha Land Company, naming Allen Casselman as trustee.  On February 4, 2002, the Internal Revenue Service ("IRS") filed suit in federal court to reduce tax assessments against the Littles to judgments and to foreclose on their farm.  (*United States v. Little*, Case No. 1:02-CV-05141 REC DLB (E.D. Cal.)("*United States v. Little*").)  Partial summary judgment was entered against the

Littles in favor of the United States, including a finding that James Little and Lorna Little are indebted to the United States for federal income tax assessments of more than $1.7 million dollars, collectively. In addition, default judgment was entered against Allen Casselman as trustee for Alpha Land Company.

On April 25, 2006, the Alpha Land Company ("Plaintiff") named the IRS, along with numerous other parties including the Littles, as a defendant in a quiet title action filed in the Superior Court for the County of Tulare. (*See* Doc. 1-2.) On June 28, 2006, the United States removed the state quiet title action to federal court pursuant to 28 U.S.C. §§ 1442 and 1444. (Doc. 1.) Plaintiff, along with James and Lorna Little, now move to have the case remanded to state court on the ground that there is no basis upon which the district court may exercise subject matter jurisdiction. (Docs. 4, 6 & 8, filed July 28, 2006.) The United States opposes remand (Doc. 13, filed Aug. 3, 2006) and moves to dismiss the complaint on two grounds: (1) that Allen Cassleman lacks standing to represent the Alpha Land Company trust; and (2) because the claim is barred by res judicata. (Doc. 12, filed Aug. 2, 2006.) Plaintiff has filed a reply in support of its motion to remand, along with an opposition to the motion to dismiss. (Doc. 19.)[1] [2]

---

[1] Allen Casselman objected during oral argument that neither he nor Alpha Land Company had been served with the government's opposition to their motion to remand. The certificate of service indicates that it was mailed to Allen Casselman at 139 E. Tulare Ave #333, Tulare, California, 93724. Moreover, Plaintiff (Alpha Land Trust) filed a "Reply to Opposition of Petitioner United States of America to Motion to transfer of Defendants & Opposition to motion to dismiss of

## II. **BACKGROUND**.

On February 4, 2002, the United States filed a complaint in the District Court for the Eastern District of California to reduce tax assessments to judgments against James and Lorna Little and to foreclose on their 33-acre olive and orange farm. *United States v. Little*, Case No. 1:02-CV-05141 REC DLB (E.D. Cal.)("*United States v. Little*").  On September 23, 2005, the district court granted partial summary judgment in favor of the United States, finding that James Little and Lorna Little are indebted to the United States for federal income tax assessments in the amount of $925,016.16 and $806,936.83, respectively, plus interest, penalties, and other statutory additions.  (*United States v. Little*, Doc. 130 at 21.)  No formal judgment has yet been entered against the Littles in that case.  (There appears to be an ongoing issue as to the Littles' representation.)

At some point, the exact date is not clear from the record, the Littles placed their farm, which is also their residence, in the name of a trust, Alpha Land Company.  The Trust, and its trustee, Allen Cassleman, were named in *United States v. Little* as a party who may claim interest in the property and as a nominee.  Allen Cassleman, the purported trustee, is not an attorney licensed to practice law in California.

On October 31, 2005, the district court granted default

---

Defendant/Petitioner United States of America."  (Doc. 18 at 3.)

[2]  The Littles also objected to having a United States Magistrate Judge hear their motion to transfer.  (Doc. 20.)  This objection has been mooted by the fact that the hearing was re-set before the district court.

**3**

judgment against Allen Cassleman as trustee of Alpha Land Company in *United States v. Little*. (*United States v. Little*, Doc. 135.) The October 31, 2005 order, provided in its entirety:

> Judgment by default is hereby entered pursuant to Fed. R. Civ. P. 55 against defendant Allen Casselman, as Trustee of Alpha Land Company, based upon failure to defend.
>
> The Defendant-Trustee is named in this action as the trustee of Alpha Land Company, and not in his individual capacity. Allen Casselman signed the Answer as Trustee of Alpha Land Company. Mr. Casselman does not claim to be an attorney, and informed the Court at the hearing held on August 29, 2005 that he was attempting to retain an attorney. A further status conference was set at that time for September 26, 2005 to ascertain whether or not Casselman /Alpha Land Company had retained counsel. Casselman did not appear at the September 26, 2005 status conference.
>
> The statute governing representation in the federal courts is 28 U.S.C. § 1654, which provides:
>
>> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.
>
> The portion of the statute granting permission to the parties to "plead and conduct their own cases personally" has been uniformly construed as authorizing individuals who are parties to an action to appear in propria persona, but only where they are representing themselves alone, asserting their own personal rights or interests exclusively. *E.g., C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994). If an individual purporting to appear pro se is not the actual "beneficial owner of the claims being asserted," they are not viewed as a party conducting their "own case personally" within the meaning of Section 1654. *C.E. Pope Equity Trust*, 818 F.2d at 697.
> This interpretation of Section 1654--that the beneficial owner of the claim being asserted is the only person permitted to appear in propria persona--is reflected in holdings barring nonattorneys from representing corporations (*e.g., Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983)),

partnerships (e.*g.*, *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-10 (2d Cir. 1991)), unincorporated associations (*e.g., Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986) (church)), and, most importantly here, trusts (*C.E. Pope Equity Trust*, 818 F.2d 697; See also Knoefler, 20 F.3d at 348 ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States.")). Such entities are, by their very nature, unable to appear in person and must act through representatives. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("28 U.S.C. § 1654...does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney").

<u>Default judgment is therefore entered against defendant Allen Casselman, as Trustee of Alpha Land Company, based upon the trust's failure to defend. Accordingly it is ADJUDGED and DETERMINED that Allen Casselman, as Trustee of Alpha Land Company, and Alpha Land Company itself have no interest in the subject property of this action</u> ("the Lemon Cove Property"), which is located at 23009 Avenue 320, Lemon Cove, Tulare County, California 93244, and is more particularly described as follows:

LOTS 8, 9, 10, 11, 13 AND 14 OF LINDCOVE REALTY COMPANY'S SUBDIVISION OF THE BROWN AND LEVINSON RANCH, LYING EAST OF PALM AVENUE, AS PER MAP RECORDED IN BOOK 7 OF MAPS, PAGE 54, TULARE COUNTY RECORDS, BEING SITUATED IN THE NORTHWEST QUARTER OF SECTION 16, TOWNSHIP 18 SOUTH, RANGE 27 EAST, M.D.B.M., IN THE UNINCORPORATED AREA OF THE COUNTY OF TULARE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THAT PORTION LYING EAST OF THE CENTERLINE OF FOOTHILL DITCH.

TOGETHER WITH THAT PORTION OF THE ABANDONED ROAD LYING ADJACENT TO LOTS 13 AND 14 ON THE WEST AS ABANDONED BY THE TULARE COUNTY BOARD OF SUPERVISORS IN DOCUMENT RECORDED MARCH 15, 1926 IN BOOK 148, PAGE 143 OF OFFICIAL RECORDS.

IT IS FURTHER ADJUDGED AND DETERMINED as to Allen Casselman, as Trustee of Alpha Land Company, and Alpha Land Company, that defendants James and Lorna Marie Little own the Lemon Cove Property as their community property, as alleged in the United States' First Amended Complaint.

IT IS SO ORDERED:

```
          Date:  October 27, 2005

                              /s/ ROBERT E. COYLE
                              ROBERT E. COYLE
                              UNITED STATES DISTRICT JUDGE
```

(*United States v. Little,* Doc. 135 (emphasis added).)

Subsequently, the Littles moved to vacate various rulings against them in *United States v. Little*, including Judge Coyle's decision on partial summary judgment that they were indebted to the United States, collectively, for more than $1.7 million. (Doc. 133.)  *United States v. Little* was then transferred to the undersigned district judge.  (Doc. 147.)  On August 21, 2006, the motion to vacate was denied.  (Doc. 152.)

### III.  DISCUSSION

**A.  Motion to remand.**

Motions to remand are governed by 28 U.S.C. § 1447, which provides in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal....

28 U.S.C. § 1447(c).

The United States removed the state quiet title action to federal court pursuant to 28 U.S.C. §§ 1442, 1444.  Plaintiff and the Littles argue that the case should be remanded because neither provision provides a basis for subject matter jurisdiction under the circumstances.

Section 1442 provides in pertinent part:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity <u>for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or for the collection of the revenue</u>.

(emphasis added).

Plaintiff and the Littles argue that § 1442 does not apply in this case because the United States is not being sued for any act undertaken "for the collection of the revenue." In essence, Plaintiff and the Littles assert that the phrase "any act under color of such office or on account of any right title or authority claimed under any Act of Congress" is dependent upon the phrase "for the apprehension of punishment of criminals or for the collection of the revenue." The Little's parse the statutory text incorrectly. The provision has been interpreted in a manner that separates the language "for any act under color of such office" from the subsequent "or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals for the collection of the revenue." Those are <u>independent</u> clauses. Accordingly, § 1442 permits removal whenever an agency of the United States is named as a defendant in a lawsuit by virtue of an act taken under the color of such office. Numerous courts have permitted removal under the first clause -- where the agency "act[ed] under color

**7**

of such office" -- in cases which have absolutely no connection to "the apprehension or punishment of criminals or the collection of revenue." *See, e.g., California v. NRG Energy Inc.*, 391 F.3d 1011 (9th Cir. 2004) (permitting removal by federal agencies of claims alleging conspiracy to fix prices of wholesale electricity); *Kim v. Kang*, 154 F.3d 996 (9th Cir. 1998)(seller of business claiming title to funds held in escrow filed state law action against various entities, including the lender, the Small Business Administration, a federal agency; action could be removed pursuant to section 1442.)  Section 1442 permits removal in this case.

The United States also argues that removal is justified in this case pursuant to section 1444, which provides:

> Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

28 U.S.C. § 2410, entitled "actions affecting property on which United States has lien," provides in pertinent part:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>
> (1) to quiet title to,
>
> (2) to foreclose a mortgage or other lien upon,
>
> (3) to partition,
>
> (4) to condemn, or
>
> (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.

8

> (b) The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed. In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia. In such actions the United States may appear and answer, plead or demur within sixty days after such service or such further time as the court may allow.

Essentially, Plaintiff argues that because their underlying quiet title action was brought pursuant to California law, not 28 U.S.C. § 2410 (the federal Quiet Title Act), removal cannot be grounded upon 1444. But, the United States has not waived sovereign immunity to a quiet title action under California law which affects real property in which the United States claims an interest. The only way Plaintiffs could properly name the IRS as a defendant in their state lawsuit would be to invoke 28 U.S.C. § 2410.

**B.  Motion to Dismiss.**

The United States moves to dismiss on the grounds that (1) Allen Casselman has no standing to represent the interests of Alpha Land Co. in this case because he is not licensed to practice law in California; and (2) because Plaintiffs' state quiet title action is barred by the prior judgment in *United States v. Little*.

9

**1. Standing.**

A motion to dismiss for lack of standing may be treated as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Beeman v. TDI Managed Care Serv., Inc.*, 449 F.3d 1035, 1038 (9th Cir. 2006). Such motions are disfavored and rarely granted: "[a] complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted); *see also Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (stating that the issue is not whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support the claim). In deciding whether to grant a motion to dismiss, the court "take[s] all of the allegations of material fact stated in the complaint as true and construe them in the light most favorable to the nonmoving party." *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).

It is undisputed that Allen Casselman is not licensed to practice law. As discussed in Judge Coyle's order entering default against Allen Casselman in *United States v. Little*, a trust can only be represented by an <u>attorney</u> in federal court. 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Although individuals who are parties to an action may appear *in propria persona*, this exception only to individuals who are

asserting their own personal rights or interests. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 686, 697 (9th Cir. 1987). A trust, for example, must be represented by an attorney. *Id.; see also Knoefler*, 20 F.3d 348 ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e. a trust, in a court of the United States.")).

Default judgment was entered against Alpha Land Company in *United States v. Little* on this ground. Here, again, Allen Casselman does not have standing to represent Alpha Land Company. Alpha Land Company has not indicated its intent to obtain counsel.[3] For this reason alone, the quiet title action brought by Alpha Land Company against the IRS must be **dismissed for lack of standing**.

### 2. Res Judicata.

Alternatively, the United States asserts that the order entering default against Alpha Land Company in *United States v. Little* should be given res judicata effect to bar Alpha's claims brought against the IRS.

Res judicata is an affirmative defense that is not specifically enumerated in Rule 12(b). However, where a motion based on res judicata does not raise facts outside the scope of the complaint, the court may construe such a motion as one under Rule 12(b)(6) motion. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378

---

[3] Plaintiffs' and the Littles' argument that the issue of standing is for the state court to determine is without merit. This case has been properly removed to federal court. It is the federal court that has jurisdiction to determine its own jurisdiction.

**11**

(9th Cir. 1983).

Res judicata "bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Tahoe Seirra Preservation Council Inc., v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

Here, default judgment was entered against Alpha Land Company in *United States v. Little*. The Order granting default judgment specifically states:

> [I]t is ADJUDGED and DETERMINED that Allen Casselman, as Trustee of Alpha Land Company, and Alpha Land Company itself have no interest in the subject property of this action

The right of Alpha Land Company to assert any right to the title of the Littles' land has been previously adjudicated by this court. This claim has been finally decided and is foreclosed.

Plaintiff and the Littles' appear to raise various arguments in opposition to the application of res judicata here. In their only comprehensible argument, they point to language from the district court's order denying the Littles' motion to vacate in *United States v. Little*. There, the district court held: "Neither Rule 59(e) or Rule 60(b) apply to Defendants' motion because no judgment has been entered in favor of the United States." (*United States v. Little*, Doc. 152 at 4.) But, in that order, the district court was responding to a motion filed by the

**12**

Littles.  The district court correctly found that no judgment has been entered in favor of the United States as against the Littles.  However, default judgment <u>had been entered against Allen Casselman as trustee for the Alpha Land Company</u>.  The judgment did not determine the United States' interest in the real property.  Rather, it decided that Alpha Land Company had not title in the subject real property.  The language from the order denying the Littles' motion to vacate does not preclude the operation of res judicata against Alpha Land Company's quiet title action.

## IV.  CONCLUSION

For the reasons set forth above, the motion to remand is **DENIED** and the motion to dismiss is **GRANTED WITH PREJUDICE.**

**SO ORDERED**
**Dated: September 27, 2006**

　　　　　　　　　　　　　　　　　　/s/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　**OLIVER W. WANGER**
　　　　　　　　　　　　　　　**United States District Judge**